Per Cur.
The testratrix might not have known this fact, but at any rate, if this technical nicety was intended to be insisted on, it should have been pleaded in abatement, like the case of part owners-not sued. 2 Bla. Rep. 696, 947. 5 Burr. 2613. 5 Term Rep. 651. Perhaps it would be difficult, if not imprac *16 ticable, to have given the plaintiff a better writ. Caleb Johnston was not compellable to join in the assignment, nor could he be reasonably expected to join in a suit against himself. Under such circumstances, a bill would certainly be supportable in Chancery against the now defendant. Courts in this state *adopt the rules of equity, which form a part of our law. *17] We are not necessarily called on to say in the present instance, how far we should feel ourselves obliged to follow the practice of a Court of Chancery, to prevent injustice, if even a plea in abatement had been put in to the form of the assignment.
Mr. T. Ross, pro quer.
It appearing afterwards, that Johnston’s executors had paid legacies to a greater amount than the balance found due to them on their account, and the sum due on the present obligation, it was agreed that a verdict should be given for the plaintiff for 148I. debt, 22I. 16s. 4d. damages, and six pence costs,